

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2009

# Vernell Sebrell v. US Postal Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4159

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Vernell Sebrell v. US Postal Ser" (2009). *2009 Decisions.* Paper 1358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-175                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4159
_____

VERNELL L. SEBRELL,
                                                        Appellant

v.

THE UNITED STATES POSTAL SERVICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:08-cv-04532)
District Judge: Honorable John P. Fullam

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2009
Before:   RENDELL, HARDIMAN AND ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 15, 2009)
_____

OPINION
_____

PER CURIAM

        Appellant Vernell L. Sebrell appeals from a District Court order dismissing her

complaint <u>sua</u> <u>sponte</u> for lack of subject matter jurisdiction, pursuant to Federal Rule of

Civil Procedure 12(h)(3).  We will grant Appellee's motion for summary action, vacate

the District Court's order, and remand the matter for further proceedings.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On September 17, 2008, Sebrell initiated an action against the United States Postal Service by filing a motion to proceed in forma pauperis ("IFP"), accompanied by a complaint alleging interference with the delivery of her mail and damage to her property. Before the Government was required to submit a responsive pleading, the District Court entered an order granting Sebrell's IFP motion, but concluding that the District Court lacked subject matter jurisdiction over the complaint.  Specifically, the District Court concluded that Sebrell was attempting to bring claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., which requires exhaustion of administrative remedies prior to filing a complaint.  28 U.S.C. § 2675(a).  The District Court found that Sebrell did not adequately allege that she had exhausted her administrative remedies, and therefore dismissed the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

We exercise plenary review over the District Court's order.  See Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1280 (3d Cir. 1993).  On November 3, 2008, the Government filed a motion for summary action, explaining that Sebrell had exhausted her administrative remedies prior to filing her complaint, and advising that it would not have raised failure to exhaust administrative remedies as an affirmative defense if it had filed a responsive pleading.  The Government requested that the matter be remanded to the District Court for further proceedings.

2

There appears to be no dispute that Sebrell exhausted her administrative remedies prior to filing her complaint. Indeed, as the Government notes, Sebrell at least alleged exhaustion of her property damage claim in the first paragraph of her complaint. Thus, the District Court should not have dismissed Sebrell's complaint <u>sua</u> <u>sponte</u> for lack of subject matter jurisdiction on the grounds that Sebrell failed to exhaust her administrative remedies. We will therefore grant the Government's unopposed motion for summary action, vacate the District Court's order, and remand the matter for further proceedings. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We express no opinion as to whether the District Court has subject matter jurisdiction, or whether dismissal for any reason may or may not ultimately be warranted.